{¶ 26} I dissent on the basis of Civ.R. 17(B) and the court's inherent duty to protect incompetent pro se litigants. Civ.R. 17(B) requires the court to appoint a guardian ad litem or take other appropriate action to protect the interests of an incompetent unrepresented party. Moreover, a court has an affirmative duty to investigate any reasonable indication that a pro se party may be incompetent. Quill v. Elrich, Montgomery Co. App. No. 15608, 1996 Ohio App. Lexis 2565. The record in this case mandates an investigation of the plaintiffs capacity and its impact on possible tolling of the statute of limitations.
 {¶ 27} Ms. Swanson's pro se complaint affirmatively alleges that she suffers from a traumatic brain injury. She also alleges that this injury occurred while she was participating in a "slip `n' slide" recreational activity being conducted by the defendants. And she alleges the defendants' acts of negligence resulted in causing her closed head injury, which has manifested itself in cognitive, behavioral and emotional impairments.
 {¶ 28} These allegations, combined with the rambling and disjointed nature of her complaint, should have raised questions about her competency and the potential tolling of the statute of limitations. Given this state of the pleadings and the reasonable inferences arising from it, I believe the court should have appointed a guardian ad litem or at least inquired about her competency before concluding beyond a doubt that her complaint was barred by the statute of limitations. *Page 1